**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-CV-00036-TBR**

**GINI G. GRACE**                                                                                       **PLAINTIFF**

**v.**

**STATE OF KENTUCKY,** *et al***.**                                                             **DEFENDANTS**

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's *pro se* Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e). [DN 28]. Defendants responded. [DN 29; DN 30]. Plaintiff replied. [DN 31; DN 32]. As such, this matter is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

**I.   Background**

On February 24, 2020, Plaintiff Gini G. Grace filed a complaint naming as Defendants the State of Kentucky, Office of Attorney General; Department of Homeland Security, Federal Emergency Management Agency (FEMA); the Tennessee Valley Authority (TVA); the United States Army Corp of Engineers (USACE); and the United States of America. [DN 1 at 1]. Plaintiff brought the action, under the Federal Tort Claims Act, the Stafford Act, and the Fifth Amendment to the United States Constitution, because of the lack of federal assistance for a federal disaster declared on April 17, 2019. *Id*. at 2, 4. In her Complaint, Plaintiff alleges that in February and March 2019, Kentucky experienced severe weather that led to heavy rainfall and widespread flooding. *Id*. Due to the severe flooding, Plaintiff claims she was not only forced to evacuate her home but that she also lost the contents in her home, that her home suffered a great deal of damage, that the damage to her home exceeded her insurance coverage, and that she suffered emotional and financial stress because of the circumstances brought about by the flooding. *Id*. at 8. Plaintiff states

she also contacted various representatives in the local, state, and federal governments, making numerous appeals for individual assistance to no avail. *Id*. at 13. The primary injury Plaintiff complains of is her failure to receive individual assistance. *Id*. at 2.

Subsequently, the Defendants filed various Motions to Dismiss. [DN 6; DN 13; DN 14; DN 15]. The Court granted the State of Kentucky's Motion to Dismiss because the Eleventh Amendment's sovereign immunity barred the claim and because the *Ex Parte Young* exception did not apply. [DN 26]. The Court dismissed Plaintiff's claims against FEMA for lack of standing because "Plaintiff's nonreceipt of individual assistance cannot be traced to FEMA's conduct in a manner that amounts to causal connect." *Id.* Additionally the Court dismissed all remaining claims and terminated the action. [DN 27]. Prior to the Court's Memorandum and Opinion, Plaintiff filed a Motion to Amend her Complaint to add defendants Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky, Michael Dossett, in his official capacity as Director of the Division of Emergency Management within the Department of Military Affairs, Former Governor Matthew G. Bevin, in his official capacity as Governor of the Commonwealth of Kentucky, and Daniel Cameron, in his official capacity as Attorney General of the Commonwealth of Kentucky. [DN 11 at 1–2]. The Court denied Plaintiff's motion to amend based on futility because "[b]oth the State of Kentucky and the individual officials the Plaintiff name[d] in her motions are protected from suit by the Eleventh Amendment." [DN 26].

Now the Plaintiff asks the Court to Alter or Amend its Judgment under Federal Rule of Civil Procedure 59(e) arguing that she should have been allowed to amend her complaint once as a matter of right, that the Eleventh Amendment should be waived under the *Ex Parte Young* exception, and that there is causal connection between FEMA and the Plaintiff's injuries creating standing. [DN 28].

## II. Legal Standard

Rule 59(e) allows an aggrieved party to file a motion to alter or amend a judgment within 28 days of its entry. *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565 at *1 (E.D. Tenn. Mar. 20, 2008); Fed. R. Civ. P. 59(e). "A district court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991). Nor is its purpose to submit evidence or a claim which should have been previously submitted. *Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007); *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). As another district court in this Circuit put it, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1, 2010 U.S. Dist. LEXIS 73664, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal*, Inc., 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 655 (W.D. Ky. 2012).

## III. Discussion

As stated above, the Sixth Circuit only allows a district court to alter or amend a judgment under Rule 59(e) in four situations: (A) to correct a clear error of law, (B) to account for newly

3

discovered evidence, (C) when there is an intervening change in the controlling law, or (D) to prevent manifest injustice. *See Heil Co.*, 690 F.3d at 728. In her reply briefs, Plaintiff argues that all four situations are applicable in this case. [DN 31; DN 32]. As such, the Court will address each below.

### A. Clear Error of Law

The clear error of law standard under Rule 59(e) is exceptionally high, requiring the movant to "establish not only that the errors were made, 'but that these errors were so egregious that an appellate court would not affirm the judgment.'" *Salinas v. Hart*, No. CV 15-167-HRW, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020) (citing *Dorger v. Allstate Ins. Co.*, 2:08-56-DCR, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009)). Plaintiff argues that there are "several errors of law" in the Court's Memorandum Opinion. [DN 32]. The "clear error" arguments that Plaintiff makes predominately center around the Court's interpretation of *Ex Parte Young* and the fact that the Court did not explicitly address Grace's alleged constitutional violations. [DN 28; DN 31; DN 32].

Plaintiff argues that the Court's failure to discuss Plaintiff's Fourteenth Amendment claim against the State of Kentucky was a clear error. Specifically, Grace contends that the Court was incorrect when it stated that the Due Process claim was "not set out in her complaint." [DN 28; DN 26]. The Court did not err, rather Plaintiff misunderstood the Court's opinion. The Court's statement referenced the fact that Plaintiff did not address the Due Process issue in her original complaint regarding the State of Kentucky Defendant. The Court recognizes that the Plaintiff did discuss the Fourteenth Amendment issue later in her complaint, but only in reference to FEMA, a different defendant. Furthermore, a discussion of the constitutional claims was irrelevant, as the Court explained in its prior opinion, because the Eleventh Amendment barred all claims against

4

Kentucky. [DN 26]. The constitutional violations do not "overcome the 11th Amendment issue" under *Ex Parte Young*. [DN 28 at 5].

"[U]nder the *Ex parte Young* exception, 'a federal court may, without violating the Eleventh Amendment, issue a prospective injunction against a state officer to end a continuing violation of federal law.'" *Morris v. Murray State Univ.*, No. 5:18-CV-156-TBR, 2019 WL 2569568, at *3 (W.D. Ky. June 21, 2019) (citing *Doe v. Dewine*, 910 F.3d 842, 848 (6th Cir. 2018)). "Crucially though, '[i]n order to fall within the ... exception, a claim must seek prospective relief to end a *continuing violation* of federal law.'" *Herran Properties, LLC v. Lyon Cty. Fiscal Ct.*, No. 5:17-CV-00107, 2018 WL 2210673, at *4 (W.D. Ky. May 14, 2018) (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1047 (6th Cir. 2015) (internal citations omitted) (emphasis added)). Plaintiff argues that the Court's previous Memorandum Opinion "misstates the Ex Parte Young exception, it truncates it, and although discusses federal law, does not give emphasis to Constitutional law." [DN 28 at 7]. As the Court stated in its prior opinion, the primary question when determining if *Ex Parte Young* applies is whether there is an *ongoing* violation. It is not whether there is a violation of Constitutional law versus other federal law. Plaintiff contends that "there are ongoing constitutional violations that the Plaintiff does allege and which the Opinion drafter did not pick up." [DN 28]. This is inaccurate. "Plaintiff seeks relief or recovery and remediation of her home, office, and personal affects, along with relief from trauma and stress the whole disaster has caused her. . . . The remediation and recovery is p[ro]spective and ongoing." [DN 32]. In support of this argument, Plaintiff discusses *Bolar v. Earley*. [DN 28].

Plaintiff alleges that the Court inaccurately applies *Boler* regarding retroactivity for the *Ex Parte Young* exception. [DN 28]. "As in Bolar, the court should not take too narrow of the ongoing constitutional violations that the Plaintiff, Pro Se, alleges. Damages to her home, office, and

5

finances along with after-disaster affects has been done." *Id.* (referencing *Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017)). In *Bolar*, the court applies the *Ex Parte Young* exception to two different Plaintiffs. First, the court denies application of the exception because it is unclear what the ongoing constitutional rights violations are and "[t]hough each count alleged requests injunctive relief, and the prayer for relief asks for '[a]ny other relief, including injunctive relief, as [the c]ourt deems fair,' the Plaintiffs provide no indication as to what this injunctive relief might be." *Boler v. Earley*, 865 F.3d at 412. Conversely, in the second application, the Court found ongoing violations because the complaint "specifically refer[red] to Flint's current State of Emergency" and claims were brought for "among other things, state-created danger and violation of their fundamental right to bodily integrity." *Boler*, 865 F.3d at 413. Besides seeking "[a]n injunctive order to remediate the harm caused by Defendants' unconstitutional conduct including, but not limited to: repairs of private property and establishment of medical monitoring to provide healthcare and other appropriate services to Class members for a period of time deemed appropriate by the Court," the second plaintiff also sought the "[a]ppointment of a monitor who will assist in the development of remedial plans including, but not limited to: early education, education intervention programs, [and] criminal and juvenile justice evaluations." *Id.* The Court held that such requests for injunctive relief "did not award money retroactively, but directed the state's conduct in the future." *Id.* That is not the case for Grace in the present issue.

Plaintiff primarily attempts to recover what she would have received if she had been granted individual assistance from the damages caused by a past natural disaster. She requests nothing that would change the allegedly unconstitutional actions of the Defendants in the future. Just because Plaintiff continues to feel the effects of the flood does not mean that the actions are prospective. Broadly requesting injunctive relief is not sufficient. Plaintiff failed to provide

specific, applicable injunctive relief that could be used to prevent the state actors from continuously violating federal, or constitutional, law. Additionally, Plaintiff failed to show that the Commonwealth, or the named actors in the Amended Complaint were partaking in a "continual violation" of federal law. An ongoing recovery effort is not the same as an ongoing constitutional violation. This was an isolated incident for which the Plaintiff requests retroactive relief. *Ex Parte Young* does not apply. As such, an Amended Complaint attempting to add the appropriate parties is futile because the 11th Amendment creates sovereign immunity for the stated parties. [*See* DN 26 n.2 (citing *Doe v. BlueCross BlueShield of Tenn., Inc.*, 926F.3d 235, 244 (6th Cir. 2019))].

The Court did not make a clear error of law. Plaintiff's claims against the State of Kentucky do not fall under the *Ex Parte Young* exception which requires a claim for prospective injunctive relief to prevent future federal, constitutional, or statutory violations and are therefore barred by the Eleventh Amendment. Though the Plaintiff may have a different understanding of the *Ex Parte Young* holding and interpretation of *Boler*, a party's disagreement with the Court's application of the law is not a clear error. *See McCoy v. Lake Cumberland Reg'l Hosp., LLC*, No. 6:18-CV-00006-GFVT, 2019 WL 1960335, at *2 (E.D. Ky. May 2, 2019).

### B. Newly Discovered Evidence

Plaintiff offers three exhibits as "newly discovered evidence." [DN 28; DN 32]. Under Rule 59(e), however, Grace has not shown that this evidence "was previously unavailable." *See GenCorp*, 178 F.3d at 834. Conversely, the exhibits were mentioned in her original complaint and the Court considered them when making its prior decision. [DN 1 at 15, 19; DN 26 at 14; 17]. As such, the exhibits in Plaintiff's motion do not constitute "newly discovered evidence" under FRCP 59(e), and therefore shall not be considered by the Court. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 394 (6th Cir.2007) ("[U]nder Rule 59(e), parties cannot use a motion for

reconsideration to raise new legal arguments that could have been raised before a judgment was issued."); *Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d at 374 ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

Even assuming that the Court could consider these exhibits in this motion, the "new" facts presented would not persuade the Court to reconsider its previous judgment. As Plaintiff states in her motion, "FEMA cannot come into the State unless asked by the Governor. The Governor of Kentucky had not asked FEMA to come into the state for individual assistance." [DN 28 at 16 citing DN 1]. This means that there lacks a causal connection, required for standing, between Plaintiffs injury and the Defendant, FEMA. Plaintiff contends that the causal connection is created because "[t]he injury was not created solely be FEMA; it was caused by the parties within the state of Kentucky and FEMA. One cannot do it without the other; they are co-parties, co-Defendants in the causation and injury." [DN 28 at 20]. She bases this argument on the fact that the "Commonwealth improperly relied on inaccurate information provided by FEMA." [DN 31]. As the Court previously stated, regardless of FEMA's statements, or why Kentucky did not request assistance, without such a request FEMA had no obligation to act. Therefore, "Plaintiff's nonreceipt of individual assistance cannot be traced to FEMA's conduct in a manner to amount to causal connection." [DN 26]. Further, because there was no standing, the Court refrained from addressing the alleged constitutional violations against FEMA. *Id.*

### C. Intervening Change in Controlling Law

Plaintiff states that "an intervening change in controlling law, is not a static circumstance, it is dynamic, and that could be a circumstance if there is relevant case in the controlling law decided. The law is continually changing." [DN 32]. This is not an argument for an "intervening

change in controlling law" because no law, or change, is actually stated. As such, the Plaintiff has failed to show a need to amend or alter the judgment under this category.

### D. Manifest Injustice

"[A] manifest injustice analysis requires a 'fact-specific' analysis that resides in the discretionary authority of the reviewing court." *Salinas v. Hart*, No. CV 15-167-HRW, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020) (citing *Harris v. Perry*, Case No. 2:12-cv-02668, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016). As another court in this Circuit has stated:

> What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

*Hazelrigg v. Kentucky*, No. 5:13-CV-148-JMH, 2013 WL 3568305, at *1–2 (E.D. Ky. July 11, 2013) (citing *McDaniel v. Am. Gen. Fin. Servs., Inc.,* No. 04–2667B, 2007 WL 2084277, at *2 (W.D.Tenn. July 17, 2007)). Plaintiff argues that there are "errors in the trial court that are direct, obvious, and observable." [DN 32]. As the Court discussed above, there were no clear errors of law, and as such, based on the above definition and analysis, the Court's dismissal of Grace's complaint did not subject her to manifest injustice. Though not in Plaintiff's favor, the outcome was not based on a "fundamental flaw." *See Hazelrigg*, No. 5:13-CV-148-JMH, 2013 WL 3568305, at *1–2.

Further, the arguments presented in this motion are predominately the same as those the Court has already heard and previously addressed. The Plaintiff has just restated, in a different light, the same arguments without providing any additional evidence, therefore failing to satisfy the requirements of Rule 59(e). The Court's prior dismissal under the Eleventh Amendment and the appropriate standing laws remain applicable. As such, the Court's previous Opinion and Order are correct and should not be altered or amended. [DN 26; DN 27]. The Court acknowledges

Grace's frustrations and is sympathetic to the difficult situation she is in due to the flooding, but the Court is bound by precedent, and barred by Eleventh Amendment of the United States Constitution. As such, Plaintiff's Motion to Reconsider must be denied.

### IV.     Conclusion

**IT IS HEREBY ORDERED**, for the reasons stated above, that Plaintiff's Motion to Alter or Amend the previous Judgment, DN 28, is **DENIED**.

**IT IS SO ORDERED.**

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

December 1, 2021

**cc:** counsel

**Gini G. Grace,** *pro se*
2365 Said Road
Symsonia, KY 42082
270-851-7775